PEDRO VELLÓN, Plaintiff and Appellee, v. CENTRAL PASTO
VIEJO, INC., Defendant and Appellant.

No. 3442. Argued February 24, 1925.—Decided May 4, 1925.

1. COMMON PROPERTY—REDEMPTION—WAIVER.—The fact that one co-owner re-
fused to purchase the interest of another does not imply that he waived his
right of redemption.

2. ID.—ID.—CO-OWNERS—PLEADING.—In an action for redemption it is not neces-
sary to allege or prove that the inherited estate has not been partitioned
when the plaintiff sues as a co-owner of common property and proves that
fact.

3. ID.—ID.—ID.—ID.—It is an indispensable requisite in a complaint in an action
for redemption to aver that the plaintiff binds himself not to sell the re-
deemed property within four years.

District Court of Humacao, Pablo Berga, J. Judgment for the
plaintiff in an action for redemption of common property. Re-
versed.

González Fagundo & González, Jr., for the appellant. Arturo
Aponte, Jr., for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This is an action for redemption of common property.
The plaintiff, Pedro Vellón, while married to Monserrate
Ayala, acquired a certain rural property. The wife died
and a part of the property was inherited by some rela-
tives. The heirs offered to sell their interests to Vellón,
but he refused to purchase them and then they sold them
to the defendant. After the sale and within the time fixed
by law the plaintiff brought this action for redemption,
depositing in court the amount paid by the defendant and
agreeing to pay the necessary expenses occasioned by the
sale. The plaintiff did not allege in his complaint that he
promised not to sell the property redeemed within four

years. The court sustained the complaint and the defendant appealed to the Supreme Court.

The appellant assigns that the district court erred (1) in overruling his demurrer on the ground of failure to state a cause of action, (2) in not holding that by his refusal to purchase the interests of the heirs the plaintiff waived his right of redemption, (3) in failing to apply section 1034 of the Civil Code (Comp. 1911, p. 713, sec. 4130).

[1] In considering the assignments we shall change the order in which they were made. In our opinion the second assignment is without merit because it is not contrary to the spirit of the law for a co-owner who has refused to purchase from another to decide, after the latter has sold to a stranger, to assert his right of redemption in order to prevent the stranger from becoming a joint owner. In no sense can it be understood that by refusing to purchase from his co-owner he waived his right of redemption which accrued when the sale was made to a stranger. The appellant cites no law in support of its contention.

[2] Nor is the third assignment available. The failure of the plaintiff to allege in his complaint or prove at the trial that there had been no partition of the estate of Monserrate Ayala might be important if the plaintiff had brought his action exclusively under section 1034 of the Civil Code, but in this case the plaintiff sued as a joint owner in common property and proved that fact. The law applicable is section 1425 of the Civil Code (Comp. 1911, p. 760, sec. 4531).

[3] The first assignment is the one that raises a question of decisive importance in this appeal. It is necessary to say that in the consideration of this assignment we have not had the benefit of a brief from the appellee. For the proper decision of matters submitted to this court an exhaustive study of the case by counsel for both parties is required. Otherwise the work of the court, which is steadily increasing, is made more difficult and protracted.

Upon being served with a copy of the complaint the defendant alleged on demurrer that the plaintiff had not a good and sufficient cause of action for redemption for the reason that he had failed to promise not to sell the property sought to be redeemed within four years, as is required by section 1616 of the old Law of Civil Procedure which is still in force in that respect.

In opposition the plaintiff alleged that the law in force in Porto Rico did not require such a promise and the court upheld his contention. The trial court expressed itself as follows:

"Neither in that part of the revised Civil Code which governs the matter of redemption nor in the Code of Civil Procedure in force is there such a provision of a substantive character, for it has been repealed in like manner as the requirement of accompanying with the complaint the title-deed on which the action for redemption is based by the new procedural laws which provide for the formalities of complaints. Benítez v. Díaz, 28 P.R.R. 628."

The reasoning of the Supreme Court in support of the repeal was as follows:

"Article 1616 of the old Law of Civil Procedure is in harmony with article 503 thereof, which provides that every complaint or answer must be accompanied by the document or documents on which the interested party bases his right. That article is no longer strictly applicable, for the introduction of evidence is ordinarily deferred until the time of the trial." *Benítez* v. *Díaz,* 28 P.R.R. 631.

The statute here under consideration is not procedural but substantive, as admitted by the trial court, and such being the case, the jurisprudence established in the case of *González* v. *Acha et al.,* 21 P.R.R. 124, is applicable. Speaking for the court, Mr. Justice Aldrey said:

"Under our former laws the right of legal redemption was governed by Law LV, Title V of *Partida* 5, according to which any person holding a thing in common, although undivided, could sell it to persons having an interest therein or to a third person, but if

one of the joint-owners wished to pay as much for it as the third party, he could take it in preference to the third party. By Law LXXV of Toro it was provided that if a person sold a part of an inheritance which he held in common with another, according to the Law of *Partidas* the person desiring to redeem it was obliged to deposit the purchase price.

"Subsequently, article 674 of the Spanish Law of Civil Procedure of 1856 required, among other things necessary for maintaining an action for redemption, that the purchase price, if known, should be deposited, and if unknown, that a bond should be given to insure such deposit when the purchase price became known. The said article was re-enacted in article 1618 of the Spanish Law of Civil Procedure of February 3, 1881, and by article 1616 of the Law of Civil Procedure which went into effect in Porto Rico on January 1, 1886.

"This being the status of the statutory law on this subject, the Spanish Civil Code was promulgated and went into effect in Porto Rico in 1890. Article 1518 of this code, which, although included under conventional redemption, is applicable to legal redemptions pursuant to article 1625, provided that the right of redemption could not be exercised without reimbursing the purchaser for the purchase price together with the expenses of the contract and any other legitimate payment made by reason of the sale and the useful and necessary expenses incurred by the thing sold.

"Therefore, according to the Civil Code, considered in relation to the Law of Civil Procedure then in force, in order that the redemption might be made it was necessary, not only to pay the purchase price and the other expenses referred to in the Civil Code, but also to deposit the said purchase price pursuant to the Law of Civil Procedure in order to maintain the action.

"The Spanish Civil Code was substituted in this Island by the Revised Civil Code of 1902, which, with slight modifications, is a reproduction of the former code, and which reenacted literally the provisions regarding redemption, section 1421 thereof being identical with article 1518 of the former code. When the Revised Civil Code of 1902 was promulgated and went into effect the Spanish Law of Civil Procedure was still in force in Porto Rico as to redemption, and, as the Code of Civil Procedure was enacted in the year 1904, the question upon which this appeal is based now presents itself, namely, whether the deposit formerly required by the Law of Civil Procedure is still necessary in actions for redemption.

"There is no doubt that the Spanish Civil Code as well as the

Revised Civil Code require only the reimbursement of the purchase price and the expenses mentioned therein and contain no provision requiring a deposit. Such deposit, according to the Judgments of the Supreme Court of Spain of December 31 and October 16, 1906, was required, not because of the provision of the Civil Code, but pursuant to article 1618 of the Law of Civil Procedure, and, therefore, if the latter is not now in force in Porto Rico, the deposit is not necessary.

"The Code of Civil Procedure of 1904 was not so full as to include every kind of procedure and section 361 thereof only repeals all laws, royal decrees, orders, military orders, acts, or parts of acts inconsistent or in conflict with the new code, and, as we find no provision therein inconsistent or in conflict with the former law relative to deposits in actions for redemption we must conclude that it still continues in force on this subject and that, therefore, it is necessary to make the deposit in order to maintain an action for redemption. In further proof of the fact that all the proceedings provided for in the old Law of Civil Procedure were not repealed, we find that when the Act of 1905 relating to Special Legal Proceedings was enacted, which act governs some of the proceedings included in the old law of procedure, it was expressly provided therein that all previous laws in conflict therewith were repealed but that the special proceedings established in the Civil Code, in the Mortgage Law and its Regulations, and any other law in so far as not provided for therein, should remain in force; and as it cannot be doubted that actions for redemption are governed by special proceedings, inasmuch as specific requirements are necessary for maintaining them, such as making a deposit, which is not required in ordinary actions, we may also, in view of this fact, hold that the deposit required by the former Law of Civil Procedure is required since the adoption of the Code of Civil Procedure of 1904.

"That such deposit was not governed by the Civil Code there can be no doubt, because it was already required, first, by the Law of Toro and, later, by the Law of Civil Procedure, and it is understood that such deposit should be necessary because, as the law grants only nine days for redemption, the person who brings the action should have the money ready in that time, and also to avoid the making of false offers of payment and the contingency that the money may not be forthcoming when the time arrives to comply with the judgment for redemption." (21 P.R.R. 125 et seq.).

A similar view was expressed by this court in the case

of *Más* v. *Llona*, 31 P.R.R. 31, wherein Mr. Justice Wolf, in delivering the opinion of the court, said:

"In the case of an arbitration agreement there is no question of third persons. The case is not without some doubts, but we think it must be settled by the following considerations. Previous to July 1, 1904, the Code of Civil Procedure of Spain prevailed in this Island and among its provisions was a number of matters which were really substantive law and not of procedure. The requirement that a submission to arbitration should be in a public document is in the nature of a substantive law, and not a law of procedure. We have no doubt that prior to the 1st of July, 1904, there would have been no question that persons who desired to submit their differences to arbitration would have had to do so by means of a public instrument. The words are in very imperative form and were generally so understood by the bench and the bar at the time. The question then arose, did the Code of Civil Procedure of 1904 change the existing state of the law and do away with the substantive provision contained in the former Code of Civil Procedure? The new Code of Civil Procedure of 1904 also contained certain substantive provisions, but it fell far short of covering a number of substantive provisions contained in the former Code of Civil Procedure as well as a number of matters distinctly procedural in their nature. When it came to some of the matters of procedure, this court, directly or by analogy, has applied the former Code of Civil Procedure. The question, however, as we have intimated here, is one of substantive law, which is not in any way inconsistent with the Code of Civil Procedure passed in 1904. Section 361 of that Code says:

"'Sec. 361.—All laws, royal decrees, orders and military orders, acts or parts of acts, inconsistent or in conflict with this Code, are hereby repealed.'

"We find nothing in the Code of Civil Procedure inconsistent with the provision that arbitral agreements must be reduced to a public document. Appellant refers to sections 204 and 211 of the Code of Civil Procedure, but these sections allude to references after a case is once before a court and not to a private agreement to arbitrate." (Pages 31 and 32).

The promise not to sell is required by article 1616 of the Law of Civil Procedure for Cuba and Porto Rico.

equivalent to section 1618 of the Spanish law, reading as follows:

"Art. 1616.—In order that an action for redemption may be allowed, it is necessary: * * * 5. That the co-tenant bind himself not to sell his interest in the property he redeems for four years. * * *."

When the Spanish Civil Code was adopted that requirement was omitted from the part of it which governs the matter of actions for redemption, as was also the requirement of a deposit, but the Supreme Court of Spain considered both essential and in a judgment of November 13, 1894 (76 *J. C.* 353), held as follows:

"Whereas, the requirements of a complaint in the action for redemption provided for in article 1618 of the Law of Civil Procedure are so essential that if in the absence of one or more of the requisites corresponding to the action asserted the judge, ignoring the positive provisions of said article, should entertain the complaint the action could never prosper, provided the defendant should, as a preliminary question, move that it should not be admitted, or else pray in his answer that the action be finally dismissed by reason of that substantial defect;

"Whereas, the plaintiff, Sánchez Carrasco, did not omit the second requisite of article 1618 which is alleged to have been violated in the second ground of the appeal, but failed to comply with subdivision five, also mentioned in the same ground of appeal, because he failed to promise, as was necessary, not to part within four years with the ownership of the land which he sought to redeem; and because he did not do so and notwithstanding this essential defect of the complaint the judgment sustained the action of redemption, the judgment was contrary to subdivision 5 of article 1618 and the jurisprudence cited in the second and third grounds of appeal." 76 *Jurisprudencia Civil,* page 353.

For all of these reasons we are of the opinion that the promise not to sell the property redeemed within four years is still an integral part and an essential condition to the right of redemption. It has been said that this limitation is contrary to the freedom of contracting. It is in fact, but it must not be forgotten that the right of redemption

itself is also contrary to such freedom. Redemption is a privilege granted to joint owners and is only justified when it is availed of for the purposes that the lawmakers had in mind, and in order to assure that such purposes and no others are intended the Legislature could and did impose conditions which must be strictly complied with.

The judgment appealed from must be reversed and substituted by another dismissing the complaint without costs.